In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-1193

BROOKS GOPLIN,

*Plaintiff-Appellee,*

*v.*

WECONNECT, INCORPORATED,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cv-00773-jdp — **James D. Peterson**, *Chief Judge.*

ARGUED MAY 24, 2018 — DECIDED JUNE 21, 2018

Before MANION and BARRETT, *Circuit Judges,* and
GETTLEMAN, *District Judge.*[*]

BARRETT, *Circuit Judge.* WeConnect, Inc. asks us to reverse
the district court for making a factual mistake. The district
court found that WeConnect was not a party to the arbitra-

---

[*] Of the Northern District of Illinois, sitting by designation.

tion agreement it sought to enforce. WeConnect says that the district court misunderstood the nature of its relationship with the entity named in the arbitration agreement. Because the district court did not clearly err, we affirm its ruling.

## I.

Brooks Goplin worked for WeConnect, Inc. When he began his employment, he signed an arbitration agreement called the "AEI Alternative Entertainment Inc. Open Door Policy and Arbitration Program." The agreement referred to an entity named AEI throughout; it never mentioned We-Connect. This error became significant several months later, when Goplin sued WeConnect in federal court.

Goplin brought a collective action under the Fair Labor Standards Act and a class action asserting claims under Wisconsin law. Invoking the agreement Goplin had signed, We-Connect filed a motion to dismiss and compel arbitration. Fed. R. Civ. P. 12(b)(3). It attached an affidavit from its Director of Human Resources stating, among other things, that "I am employed by WeConnect, Inc.—formerly known as Alternative Entertainment, Inc. or AEI—as Director of Human Resources."

Goplin raised several arguments in opposition, but only one is relevant here: he claimed that WeConnect was not a party to the agreement and therefore could not enforce it.[1]

---

[1] Goplin also argued, and the district court agreed, that the "collective action" waiver was invalid under our precedent in *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016) (holding that such waivers violate the Fair Labor Standards Act). The Supreme Court has since reversed *Epic Systems*, so this argument is no longer relevant. *Epic Sys. Corp. v. Lewis*, No. 16-285, 2018 WL 2292444 (U.S. May 21, 2018).

He directed the district court to language on WeConnect's website, which stated the following:

> WeConnect formed when two privately held companies, Alternative Entertainment, Inc. (AEI) and WeConnect Enterprise Solutions, combined in September 2016… Working together, AEI and WeConnect Enterprises could be as nimble as the next great technological innovation required. Our founders… saw that we were stronger together. And we officially became one company, WeConnect.

Goplin contended that this language supported his position that AEI and WeConnect were two distinct legal entities. His arbitration agreement was with the now-defunct AEI, and WeConnect could not enforce an agreement that he had entered with another company. Under Wisconsin law, which applies here, "[t]he general rule is that only a party to a contract may enforce it." *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 605 N.W.2d 620, 622–23 (Wis. Ct. App. 1999).

In its reply, WeConnect disputed Goplin's characterization of its relationship with AEI.[2] It asserted that WeConnect and AEI were not two different legal entities, but rather two names for the same legal entity—AEI was the company's original name and WeConnect is its new one. It emphasized that the affidavit from the Director of Human Resources referred to WeConnect as a company "formerly known" as AEI. Thus, WeConnect argued, a contract with AEI *was* a

---

[2] WeConnect's reply focused primarily on enforceability of the agreement under the National Labor Relations Act and whether the agreement is procedurally or substantively unconscionable. Unfortunately, it gave very little attention to the issue now on appeal.

contract with WeConnect. This was a name change, not a merger.

The district court held that WeConnect failed to meet its burden of demonstrating that it was a party to the arbitration agreement or otherwise entitled to enforce it. It discounted the affidavit from the Director of Human Resources as conclusory and noted that "WeConnect's own website indicates that AEI ceased to exist in September 2016, when it merged with WeConnect Enterprise Solutions to form We-Connect, Inc." Because the court found that "AEI isn't just another name for WeConnect," it denied WeConnect's motion to compel arbitration.

WeConnect filed a motion for reconsideration. This time, it attached more substantial evidence—including some corporate-form documents and affidavits from its lawyer and CEO—to support its claim that AEI had undergone a name change rather than a merger. But the district court pointed out that new evidence cannot be introduced in a motion for reconsideration unless the moving party shows "not only that [the] evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). WeConnect's evidence was neither newly discovered nor unknown; moreover, it could easily have produced these documents and affidavits the first time around. The district court thus denied the motion.

## II.

On appeal, WeConnect challenges the district court's factual finding that WeConnect and AEI are distinct legal entities. This argument is an uphill battle, because we will only reverse a district court's finding of fact if it is clearly erroneous. And in making that determination, we will consider only the evidence that was properly in the record when the district court ruled. The district court correctly declined to revisit its decision based on the additional materials that WeConnect attached to its motion for reconsideration; thus, we will not consider that evidence in our review of the district court's finding.

WeConnect's primary complaint is that the district court should not have taken its website into account in ruling on the Rule 12(b)(3) motion. According to WeConnect, the district court violated the rules of judicial notice by relying on information it found in the course of its own internet research. WeConnect emphasizes our warning that "it is especially important for parties to have the opportunity to be heard prior to the taking of judicial notice of websites." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011). WeConnect suggests that without the website, the district court's factual finding lacks any basis.

WeConnect is incorrect. The website was not the determinative factor in the district court's decision. WeConnect bore the burden of establishing its right to enforce the arbitration agreement. It contended that it could enforce a contract entered by AEI, but the only evidence it introduced of its relationship to AEI was one sentence in an affidavit from its Director of Human Resources. The district court held that this affidavit was insufficient proof that WeConnect and AEI

were different names for the same entity. To be sure, it viewed the website as confirmation that the entities were distinct. But the court's opinion makes clear that it would have reached the same result even without the website. It thought that WeConnect simply hadn't introduced enough evidence to show that it had an enforceable agreement with Goplin.

In any event, the district court did not violate the rules of judicial notice by reviewing WeConnect's website. Contrary to WeConnect's assertion, the district court did not engage in its own internet research to find the website; Goplin cited WeConnect's website in his briefing. WeConnect protests that it did not have the opportunity to put its website language in context for the court. But it could have done so in its reply brief; it simply failed to use that opportunity. We note too that the statements at issue are WeConnect's own assertions, not potentially unfamiliar information posted on third-party websites. *Cf. Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015) (taking notice of medical reference websites); *Pickett*, 664 F.3d at 648 (addressing a court's taking notice of the Consumer Price Index and Laffey Matrix).

Had WeConnect introduced the strongest evidence of its relationship with AEI from the get-go, it may well have convinced the district court that the two names referred to the same entity. But WeConnect miscalculated and relied on a conclusory sentence in a human resources affidavit to establish the corporate relationship between WeConnect and AEI. Based on the evidence it had before it, the district court's finding was not clearly erroneous. The decision of the district court is AFFIRMED and the case is remanded for further proceedings.